## HOLMES v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. February 16, 1905.)

1. STREET RAILROADS—TRANSFERS—PENALTY FOR REFUSAL.

In an action for the penalty under the statute requiring street railways to give transfers at intersecting points, an answer pleading a possible alternative route, but without alleging that transfer was issued on such alternative route, is insufficient.

2. SAME.

Where it is not alleged or shown by defendant that the plaintiff was actually notified before he began his journey, or that means were adopted to give him notice that a transfer would not be given on a particular intersecting route, but would be given on another equally available, the defendant is liable.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Actions by Thomas C. Holmes against the Interurban Street Railway Company. From judgments for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

H. A. Robinson, for appellant.
W. S. Bennett, for respondent.

PER CURIAM. In these actions which are brought to recover statutory penalties for refusals to issue transfers, the appellant pleads that, although the respondent was refused a transfer over the particular route over which he elected to travel, yet that there was another available route between his point of departure and his destination upon which transfers were issued, and of which he might have availed himself. By this plea the appellant seeks to bring itself within the scope of certain expressions as to the limitations of its duty contained in the opinion of Mr. Justice Hatch in the case of Topham against this defendant, 96 App. Div. 323, 89 N. Y. Supp. 298. The learned justice there said, in substance, that, since the Legislature had declared the establishment of a transfer system to be designed to promote the public convenience, the company had done its full duty when it had made provisions for transfers at such intersecting points as would promote the convenience of the greatest number of the traveling public, and was not required to

give transfers at all intersecting points. He also dwelt upon the well-known congestion of travel at the particular point at which transfers had been refused in the case then under consideration, and expressed the opinion that the possible danger to passengers arising from the use of transfers at this point might be a justification for refusing to issue them. Only one other justice concurred in this opinion as a whole, and the case was decided upon another point, as to which the Court of Appeals seems to have disagreed with the Appellate Division. Mr. Justice Hatch found, however, a difficulty with the defendant's answer in the Topham Case, which is present in each of the cases now under examination; that is, that while a possible alternative route is pleaded, there is no allegation that transfers were issued upon such alternative route. Another difficulty which presents itself is that it is neither pleaded nor shown that the plaintiff was actually notified before he began his journey, or that any means were adopted to give him notice, that a transfer would not be given on the particular route which he had selected, but would be given on another equally available route. Even if we assume—but without deciding—that the defendant may lawfully select one of two or more alternative routes upon which it will give transfers, it certainly is bound to take some steps to notify a passenger before he begins his journey and perhaps has reached a point where the alternative route will be no longer available.

Judgments affirmed, with costs.